UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 19-41937-mjh13 |
|---|---|
| Matthew Addison Leeper, | CHAPTER 13 PLAN |
| Debtor. | _X_ Original ___ Amended |

**I.   Disclosure of Nonstandard Provisions and Plan's Modification of Secured Debt:**
  A.  Does this plan contain any nonstandard provisions (check one)?
  _X_ Yes
  ___ No
  B.  Does this plan limit the amount of a secured claim based on a valuation of the collateral for the claim (check one)?
  ___ Yes
  _X_ No
  C.  Does this plan avoid a security interest or lien (check one)?
  ___ Yes
  _X_ No

If the Debtor has either not indicated "yes" in the applicable section above or made no selection, any nonstandard provision or language in this plan purporting to limit the amount of a secured claim based on a valuation of the collateral or to avoid a security interest or lien is void. Even if the Debtor indicated "no" in Section 1.B or Section 1.C, the Debtor may seek to limit the amount of a secured claim based on a valuation of the collateral for the claim or avoid a security interest or lien through a motion or an adversary proceeding.

**II.   Means Test Result and Plan Duration:**
The Debtor is (check one):
__x__    a below median income debtor with a 36 month applicable commitment period.
_____    an above median income debtor with a 60 month applicable commitment period.

The plan's length shall not be less than the Debtor's applicable commitment period unless the plan either provides for payment in full of allowed unsecured claims over a shorter period or is modified post-confirmation. If the Debtor is below median income, then the plan's length shall automatically be extended up to 60 months after the first payment is due if necessary to complete the plan.

**III.   Plan Payments to the Trustee:**
No later than 30 days after the order for relief, the Debtor shall commence making payments to the Trustee as follows:
  A.  AMOUNT: $1,467 monthly, plus net proceeds from sale of real property as outlined in ¶ X.H below.
  B.  FREQUENCY (check one):
  _X_ Monthly
  ___ Twice per month
  ___ Every two weeks
  ___ Weekly
  C.  TAX REFUNDS: The Debtor (check one):
  ___ commits all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment amount stated above.
  _X_ does not commit all tax refunds to funding the plan.
  If no selection is made, tax refunds are committed.
  D.  PAYMENTS: Plan payments shall be deducted from the Debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
  E.  OTHER:_____

[Local Bankruptcy Form 13-4, eff. 12/17]          1

**IV.   Distribution of Plan Payments by the Trustee:**
Upon confirmation of the plan, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, provided that disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:
   A.   ADMINISTRATIVE EXPENSES:
      1. <u>Trustee</u>: The percentage set pursuant to 28 U.S.C. § 586(e).
      2. <u>Other administrative expenses</u>: As allowed pursuant to 11 U.S.C. §§ 507(a)(2) or 707(b).
      3. <u>The Debtor's Attorney's Fees</u>: Pre-confirmation attorney's fees and/or costs and expenses are estimated to be $4,000.00. $300.00 was paid prior to filing.
      Approved attorney compensation shall be paid as follows (check one):
      ____ Prior to all creditors.
      ____ Monthly payments of $_____.
      _X_ All remaining funds available after designated monthly payments to the following creditors:
      <u>Secured claims provided for in paragraph IV.C.  Funds to accumulate from first Plan payment</u>.
      ____Other:_____
      If no selection is made, approved compensation will be paid after the monthly payments specified in Sections IV.B and IV.C.

   B.   CURRENT DOMESTIC SUPPORT OBLIGATIONS:

| **Creditor** | **Monthly Amount** |
|---|---|
| NONE | $_____ |

   C.   SECURED CLAIMS: Only creditors holding allowed secured claims specified below or provided in Section X will receive payment from the Trustee.  Unless ranked otherwise, payments to secured creditors will be disbursed at the same level.  Secured creditors shall retain their liens until the earlier of payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 U.S.C. § 1328.  Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.

The interest rates in the plan control except that (a) a lower interest rate included in a creditor's proof of claim shall control; and (b) the interest rate included in a creditor's proof of claim for a claim secured by a mortgage or deed of trust on real property shall control, unless otherwise provided in Section X or ordered following an objection to a proof of claim or in an adversary proceeding.  If the interest rate is left blank, the interest rate shall be 12% except that the interest rate for arrearages on claims secured by a mortgage or deed of trust on real property shall be 0%.

For claims secured by personal property, the monthly payment amounts in the plan control.

For claims secured by real property, the monthly payment amounts in the creditor's proof of claim and notice of payment change control unless otherwise provided in Section X.

If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

   1. <u>Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured Only by Security Interest in the Debtor's Principal Residence</u> (Interest included in payments at contract rate, if applicable):

Ongoing Payments:

| **Rank** | **Monthly Payment** | **Creditor** | **Collateral** |
|---|---|---|---|
| ____ | $ | NONE | |

[Local Bankruptcy Form 13-4, eff. 12/17]                    2

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| ____ | $ | NONE | | | |

    2. <u>Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured by Real Property Other than the Debtor's Principal Residence</u>:

Ongoing Payments:

| Rank | Monthly Payment | Creditor | Collateral | Interest Rate |
|---|---|---|---|---|
| _1__ | $970 | BM Homes, LLC | 31014 NW 26th Ave. | n/a % |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| _2__ | $25 * | BM Homes, LLC | 31014 NW 26th Ave. | $2,500 | 0 % |

    * Plus all available funds as per paragraph X.A below.

    3. <u>Payments on Claims Secured by Personal Property</u>:

      a. 910 Collateral:

The Trustee shall pay the contract balance stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the Debtor within 910 days preceding the filing date of the petition or in other personal property acquired within one year preceding the filing date of the petition as specified below. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|
| _1__ | $300 * | Unitus CU | 2013 Camaro | $300 | 5.89 % |

    * Plus all available funds as per paragraph X.A below.

      b. Non-910 Collateral:

The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise provided in Section X or ordered following a timely objection to a proof of claim or in an adversary proceeding, for a security interest in personal property which is non-910 collateral. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Debtor's Value of Collateral | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|
| ____ | $_____ | NONE | _____ | $_____ | $_____ | ____% |

D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 U.S.C. § 507(a).

E. NONPRIORITY UNSECURED CLAIMS: No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due. The Trustee shall pay filed and allowed nonpriority unsecured claims as follows (check one):

\_\_\_\_ 100%  
\_X\_\_ At least $\_0\_.

The Trustee shall pay the following specially classified nonpriority unsecured claims prior to other nonpriority unsecured claims:

| Rank | Creditor | Amount of Claim | Percentage To be Paid | Reason for Special Classification |
|---|---|---|---|---|
| \_\_\_\_ | NONE | $_____ | \_\_\_\_\_% | _____ |

**V. Direct Payments to be made by the Debtor and not by the Trustee:**
The following claims shall be paid directly by the Debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

    A. DIRECT PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|---|---|---|
| NONE \_\_\_\_\_ | $_____ | $\_\_\_\_\_ |

    B. OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|---|---|---|---|
| Lakeside Mobile Estates | Space Rent | $\_\_n/a_____ | $570 |

**VI. Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation. The Debtor requests that upon confirmation, each creditor (including successors and assigns) to which the Debtor is surrendering property pursuant to this section be granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) to enforce its security interest against the property including taking possession and sale.

| Creditor | Property to be Surrendered |
|---|---|
| NONE | |

**VII. Executory Contracts and Leases:**
The Debtor will assume or reject executory contracts or unexpired leases as specified below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor under Section V, unless otherwise specified in the plan. Any executory contract or unexpired lease not assumed pursuant to 11 U.S.C. §365(d) is rejected. If rejected, upon confirmation the creditor is granted relief from the stays of 11 U.S.C. §§362(a) and 1301(a) with respect to the property which is the subject of the rejected contract or lease, and any allowed unsecured claim for damages shall be paid under Section IV.E.

| Contract/Lease | Assumed or Rejected |
|---|---|
| NONE | |

**VIII. Property of the Estate:**
Property of the estate is defined in 11 U.S.C. § 1306(a). Unless otherwise ordered by the Court, property of the estate in possession of the Debtor on the petition date shall vest in the Debtor upon confirmation. However, the Debtor shall not lease, sell, encumber, transfer or otherwise dispose of any interest in real property or personal property without the Court's prior approval, except that the Debtor may dispose of unencumbered personal property with a value of $10,000 or less without the Court's approval. Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the Debtor post-petition shall vest in the Trustee and be property of the estate. The Debtor shall promptly notify the Trustee if the Debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) with a value in excess of $2,500, unless Section X specifically provides for the Debtor to retain the money or property.

**IX. Liquidation Analysis Pursuant to 11 U.S.C. § 1325(a)(4):**

The liquidation value of the estate is $17,481.15, plus non-exempt portion, if any, from 2018 tax refund. To obtain a discharge, the Debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 U.S.C. §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of _0_% per annum from the petition date (no interest shall be paid if left blank).

**X. Nonstandard Provisions**:

All nonstandard provisions of this plan are set forth in this section and separately numbered. Any nonstandard provision placed elsewhere in this plan is void. Any modifications or omissions to the form plan not set forth in this section are void.

A. In addition to equal monthly payments pursuant to ¶IV.C. Unitus Community CU and BM Homes, LLC shall receive all available funds after attorney fees and administrative expenses in order of rank prior to any payment to priority or unsecured creditors.

B. Debtor anticipates plan will run approximately _36_ months.

C. The mortgage payment set forth in ¶IV.C.1. shall begin with the trustee's regular disbursement for July, 2019 and shall be applied by BM Homes, LLC as the payment due on August 1, 2019. Mortgage payments due prior to August 1, 2019 shall be added to the pre-petition arrearage and paid as per ¶IV.C.1.

D. The balance of the filing fee, $125, shall be paid from the plan payments prior to all creditors other than the trustee's administrative fees.

E. Any claim filed by a mortgage creditor for post-petition fees shall be paid from available funds only after all attorney fees have been paid in full.

F. Nothing in this plan shall be construed as limiting the trustee's ability to pursue any preference or fraudulent transfer claim on behalf of the estate for the benefit of the unsecured creditors.

G. Section III.C is modified as follows: Debtor shall pay into the plan each year any tax refund received to the extent the refund exceeds $2,500. Such tax refund payments are in addition to the regular monthly plan payments stated in ¶III.A above.

H. Section VIII is modified as follows: Debtor shall sell his land at 31014 NW 26th Ave., La Center, WA as soon as practicable and shall pay, after payment in full of all secured liens on the property, any non-exempt portion of his share of the net proceeds to the trustee directly from closing. Such funds shall be distributed according to the terms of the plan in place at the time of sale. The debtor shall obtain the chapter 13 trustee's approval prior to any sale and to obtain that approval, provide copies to the chapter 13 trustee of a preliminary closing statement and title report. If the debtor receives the chapter 13 trustee's approval, the debtor does not need to also obtain a court order authorizing the sale. If the chapter 13 trustee denies the debtor's request to sell, the debtor is not precluded from submitting the request to the court. The debtor shall provide the chapter 13 trustee with a copy of the final closing statement within 15 days following the close of the sale.

I. Liquidation value stated in paragraph IX above includes $1,200 debtor will pay in lieu of trustee recovery of preferential payment from debtor's mother.

By filing this plan, the attorney for the Debtor(s) or the Debtor(s) if not represented by an attorney certify that the wording and order of the provisions in this plan are identical to those contained in Local Bankruptcy Form 13-4, other than any nonstandard provisions included in Section X.

/s/ Todd Trierweiler 27845        /s/ Matthew A. Leeper   6/26/19
Attorney for Debtor               DEBTOR                    Date
_06/27/2019
Date

Todd Trierweiler WSB 27845
4721 NE 102nd Avenue
Portland, OR 97220
503-253-7777

CERTIFICATE OF SERVICE BY MAIL

I hereby certify that on June 27, 2019 I mailed a true and correct copy of Chapter 13 Plan, certified as such by me, either electronically or in a sealed envelope, with postage prepaid, deposited in the post office in Portland, Oregon addressed to the following:

Matthew A. Leeper
6610 NE Whitney Rd., Sp. 62
Vancouver, WA 98665

State of Washington
Employment Security Dept.
Benefit Payment Control
POB 9046
Olympia, WA   98507-9046

All creditors / see attached matrix

The following parties were served electronically:

**Michael G Malaier, Chapter 13 Trustee**
Tacoma, WA

**US Trustee**
Seattle, WA

DATED: 6/27/2019

         /s/ Todd Trierweiler
for Todd Trieweiler, WSB #27845
Attorney for Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0981-3<br>Case 19-41937-MJH<br>Western District of Washington<br>Tacoma<br>Wed Jun 26 14:48:46 PDT 2019 | BM Homes, LLC<br>Attn: Brett Lawrence, RA<br>15016 NW 9th AVE<br>Vancouver WA 98685-1775 | Capital One<br>POB 30281<br>Salt Lake City UT 84130-0281 |
| Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Citi Cards CBNA<br>PO Box 6241<br>Sioux Falls SD 57117-6241 | IRS<br>POB 7346<br>Philadelphia PA 19101-7346 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | JPMC B Card<br>PO Box 15369<br>Wilmington DE 19850-5369 | Key Bank<br>4910 Tiedeman RD<br>Mail Code OH-01-51-0562<br>Cleveland OH 44144-2338 |
| Matthew Addison Leeper<br>6610 NW Whitney RD, Space 62<br>Vancouver, WA 98665-7020 | ~~Michael G. Malaier~~<br>~~2122 Commerce Street~~<br>~~Tacoma, WA 98402-3002~~ | RBS NBCC<br>1000 Lafayette BLVD<br>Bridgeport CT 06604-4725 |
| Rebound NW Surgical Spec.<br>200 SW Mother Joseph Pl.<br>Suite 210<br>Vancouver WA 98664 | Rena Leeper<br>14005 NE 7th Circle<br>Vancouver WA 98684-7358 | State Farm<br>PO Box 2313<br>Bloomington IL 61702-2313 |
| Tamara Turnbaugh<br>6610 NW Whitney RD, Space 62<br>Vancouver WA 98665-7020 | ~~Todd Trierweiler~~<br>~~Todd Trierweiler & Associates~~<br>~~4721 NE 102nd Ave~~<br>~~Portland, OR 97220-3339~~ | ~~United States Trustee~~<br>~~700 Stewart St Ste 5103~~<br>~~Seattle, WA 98101-4438~~ |
| (p)UNITUS COMMUNITY CREDIT UNION<br>P O BOX 1937<br>PORTLAND OR 97207-1937 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| IRS<br>Special Procedures<br>915 2nd Ave. M\S 244<br>Seattle WA 98174 | Unitus Community Credit Union<br>c/o Patricia E. Smith, CEO<br>1300 SW Sixth Ave.<br>Portland OR 97201 | End of Label Matrix<br>Mailable recipients 18<br>Bypassed recipients 0<br>Total 18 |